# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PATRICK LYONS** | ) |
| | ) **CRIMINAL NO: 00-00090-KD-C** |
| vs. | ) |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |

## ORDER

This matter is before the Court on Petitioner Patrick Lyons' ("Lyons") motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Doc. 61) and the United States' response (Doc. 64). This is Lyons' first § 2255 motion. For the reasons discussed herein, the motion is **DENIED**.

**I. Background**

In 2000, Lyons was sentenced to 272 months' imprisonment. This term consisted of 188 months as to Lyons' conviction for armed bank robbery pursuant to 18 U.S.C. § 2113(a) and (d) (Count 1), and a consecutive 84 month term pursuant to his conviction for using a firearm during the robbery, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2). (Doc. 39). Lyons' presentence investigation report ("PSR") stated that he was a career offender under U.S.S.G. § 4B1.1 because he had "at least two prior felony convictions for crimes of violence and/or controlled substance offenses as detailed in 'PART B[,]' [the criminal history section.]" (Exhibit 1 at ¶ 34).[1] The PSR did not specify which convictions in Lyons' criminal history were used to support the career offender determination and the Court did not do so at sentencing. However, there were no

---

[1] PSRs were not docketed as a matter of course when Lyons was sentenced. A copy of Lyons' PSR is attached to this Order as Exhibit 1. The Clerk is directed to limit access to the PSR to the parties. Though a copy of this Order will be mailed to the Defendant, a copy of the PSR will not be included due to the Bureau of Prisons' policies regarding which documents prisoners may have copies of while incarcerated.

objections to Lyons' categorization as a career offender. His conviction and sentence were later affirmed by the Court of Appeals for the Eleventh Circuit. (Doc. 46).

## II.   Motion Pursuant to § 2255

Lyons contends that he is entitled to relief on based on two grounds: 1) his conviction pursuant to 18 U.S.C. § 924(c)(1)(A) violates due process under *Johnson v. United States*, 135 S. Ct. 2551 (2015); and 2) he was unlawfully sentenced pursuant to the Career Offender guideline, U.S.S.G. § 4B1.1. As discussed herein, both arguments are without merit and Lyons' motion pursuant to §2255 is **DENIED**.

### A.   18 U.S.C. § 924(c) claim

Lyons' § 924(c) claim is based in part on the holding in *Johnson v. United States*, 135 S. Ct. 2251 (2015). In *Johnson*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") (18 U.S.C. § 924(e)) is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. 135 S. Ct. 2251, 2557-58, 2563 (2015).[2]

Lyons was not sentenced pursuant to the ACCA. He was sentenced pursuant to § 924 (c)(1), which provides for a mandatory consecutive sentence for any defendant who uses a firearm during a crime of violence or a drug trafficking crime. 18 U.S.C. § 924(c)(1).[3] Section 924(c)(3)(A)-(B) states:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and— (A) has as an element the use, attempted use, or threatened

---

[2] The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; (2) is burglary, arson, or extortion, or involves use of explosives; or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B); *Mays v. United States*, 817 F.3d 728, 730-31 (11th Cir. 2016). These three "clauses" are known as the "elements clause," the "enumerated clause," and the "residual clause," respectively. *Mays* at 731.

[3] "[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii).

use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B). Though the Court of Appeals has acknowledged the similarity of the residual clauses of 18 U.S.C. §§ 924(c) and 924(e), it has yet to decide whether *Johnson* extends to the residual clause contained in § 924(c)(3)(B). *In re Pinder*, 824 F.3d 977, 978 (11th Cir. 2016 ("Our Court hasn't decided if *Johnson* applies to § 924(c)(3)(B). However, the language in § 924(c) and § 924(e) is very similar.").

Despites this similarity, even if *Johnson* were to apply to § 924(c), Lyons' claim fails. Lyons' § 924(c) conviction was based on his companion conviction for bank robbery in violation of § 2113(a) (Count 1). As the Court of Appeals for the Eleventh Circuit held in *In re Sams*:

> Sams has not made a *prima facie* showing for relief under *Johnson* as to his conviction pursuant to § 924(c). Sams's § 924(c) conviction was based on his companion conviction for bank robbery, in violation of § 2113(a), which requires that the defendant take the property of a bank "by force and violence, or by intimidation." *See* 18 U.S.C. § 2113(a). We have concluded that an armed bank robbery conviction pursuant to § 2113(a) and (d) qualifies as a crime of violence because it requires as an element, "the use, attempted use, or threatened use of physical force against the person or property of another," as set out in § 924(c)(3)(A). *Hines*, 2016 WL 3189822, at *3, 824 F.3d at 1337. Additionally, as to the "by intimidation" language contained in § 2113(a), this Court has held that similar language still satisfies the § 924(c)(3)(A) use-of-force clause. *See United States v. Moore*, 43 F.3d 568, 572–73 (11th Cir. 1994) (concluding, in the context of the federal carjacking statute, 18 U.S.C. § 2119, that "[t]aking or attempting to take by force and violence *or by intimidation* ... encompasses the use, attempted use, or threatened use of physical force." (emphasis added) (quotation marks and alterations omitted)).
>
> While we have not directly held that a bank robbery conviction under only § 2113(a), rather than an armed bank robbery conviction under § 2113(a) and (d), qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause, the statutory language in § 2113(a) and our holdings in *Hines* and *Moore* make clear that such a conviction falls within the scope of the § 924(c)(3)(A) use-of-force clause. Indeed, other circuits have concluded that a bank robbery conviction under § 2113(a) qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause. *See United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (concluding that a bank robbery conviction under § 2113(a) qualifies as a "crime

3

>of violence" under the § 924(c)(3)(A) use-of-force clause because (1) bank robbery "by force and violence" requires the use of physical force, (2) bank robbery "by intimidation" requires the threatened use of physical force, and (3) "[e]ither of those alternatives includes an element that is the use, attempted use, or threatened use of physical force") (quotation marks omitted); *Royal v. Tombone*, 141 F.3d 596, 602 (5th Cir. 1998) (noting that a bank robbery conviction under § 2113(a) "includes as a necessary element the use of force and violence or intimidation" and referencing the § 924(c)(3)(A) use-of-force clause to conclude that a bank robbery conviction under § 2113(a) qualifies as a crime of violence); *see also United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000) (citing the § 924(c)(3)(A) use-of-force clause and concluding that armed bank robbery qualifies as a crime of violence because § 2113(a) requires a taking by force and violence, or by intimidation).

*In re Sams*, 830 F.3d 1234, 1238–39 (11th Cir. 2016). Accordingly, as the residual clause of § 924(c) was not implicated in Lyons' case, any potential extension of the *Johnson* holding to § 924(c) would not be applicable here. Accordingly, Lyons' claim based on this argument is **DENIED**.

### B. Career Offender Claim

Lyons also claims he was improperly sentenced pursuant to the Career Offender guideline found at U.S.S.G. §4B1.1.[4] He claims that the Court improperly relied upon the Career Offender residual clause when determining that his prior convictions of burglary and conspiracy to commit robbery were crimes of violence for purposes of applying the Career Offender guideline. On March 6, 2017, the United States Supreme Court decided *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *1 (U.S. Mar. 6, 2017). Specifically, the Court held that "the [Sentencing] Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id*. at *6.

---

[4] The Petition cites U.S.S.G. §4B1.2, which provides the definitions of terms, used in § 4B1.1, including the definition of a crime of violence. At the time Lyons was sentenced, §4B1.2(a) contained a residual clause. This Guideline has since been amended to remove the residual clause. This change was not made retroactive. *See generally United States v. Strevig*, 663 F. App'x 908, 913–14 (11th Cir. 2016)(for discussion of Amendment 798, which eliminated the Career Offender residual clause).

As reflected in the PSR, Lyons received a sentence on the same day (September 12, 1996) for the convictions contained in ¶¶45-50 of the PSR, which include four Pennsylvania burglary convictions, and an arson conviction. Lyons was also convicted of Pennsylvania conspiracy to commit robbery and was sentenced for this crime on March 12, 1997. (PSR at ¶51). Both burglary and arson are contained in the Career Offender guideline's list of enumerated of crimes of violence. U.S.S.G. § 4B1.2(a)(2). Thus, convictions for both burglary and arson support the Career Offender classification. The Court notes however, because Lyons' sentences for those crimes were imposed on the same day, only one of them may be used as a predicate per the Application Notes to § 4A1.2.

Defendant was sentenced on December 8, 2000. The 2000 version of the Guidelines went into effect on November 1, 2000. The PSR cites the 1998 version of the Guidelines. Both versions of the Sentencing Guidelines contain the following application note to § 4B1.2.

> "Crime of violence" and "controlled substance offense" include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses. "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2 Application Notes (1998, 2000).

As the Career Offender guideline's residual clause is not "void for vagueness" per *Beckles*, Lyons' conviction for conspiracy to commit robbery is still a "crime of violence" pursuant to U.S.S.G. §4B1.2. *Beckles* at *6. Accordingly, Lyons has at least two crimes of violence supporting his Career Offender status. As a result of the foregoing, along with the recent *Beckles* decision, Lyons' claim that he was "unlawfully sentenced under the residual

5

clause to the Career Offender Guideline" (Doc. 61 at 6) is without merit and is therefore **DENIED**.

### III.     Certificate of Appealability

This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28. U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate and deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Lyons' claims do not satisfy either standard.

### IV.     *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued ... is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding ... [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien,* 216 F.3d 626, 631-632 (7th Cir. 2000). *See also Weaver v. Patterson*, 2012 WL 2568218, *7 (S.D. Ala. Jun. 19, 2012), *report and recommendation adopted*, 2012 WL 2568093 (S.D. Ala. July 3, 2012) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). *See* Fed. R. App. P. 24(a)(3)(A); *Lee v. Clinton*, 209 F.3d 1025,

1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); *DeSantis v. United Techs, Corp.,* 15 F. Supp. 2d 1285, 1288-1289 (M.D. Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). *But see, e.g., United States v. McCray,* No. 4:07CR20-RH, 2012 WL 1155471, *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained -- and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Upon consideration, the Court finds and certifies that any appeal by Lyons in this action would be without merit and therefore not taken in good faith. Accordingly, Lyons is not entitled to appeal *in forma pauperis*.

### V.  Conclusion

For the reasons discussed herein, Lyons' motion pursuant to 28 U.S.C. § 2255 is **DENIED.** (Doc. 61). Lyons is not entitled to a certificate of appealability or to appeal *in forma pauperis*.

**DONE** and **ORDERED** this **15th** day of **March 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**